UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA PEREIRA and JUCIELE AMARAL, :
Individually and on Behalf All Other Persons :
Similarly Situated, :
: 
          Plaintiffs, :
: **COMPLAINT AND**
          -against- : **JURY DEMAND**
:
J. SISTERS HAIR CARE PRODUCTIONS INC., :
JOCELY PADILHA and JONICE PADILHA, : 08 CV 4537
Jointly and Severally, : (Daniels, J.)(Ellis, M.J.)
:
          Defendants. :
------------------------------------------------------------X

## NATURE OF THE ACTION

Federal Allegations

1.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendants which they did not receive as required by law, and (iii) entitled to liquidated damages and attorney's fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

New York State Allegations

2.     Plaintiffs allege, on behalf of themselves, that under New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages

from Defendants, which they did not receive as required by law, (iii) entitled to unpaid spread of hours wages from Defendants which they did not receive, as required by law, (iii) liquidated damages equal to twenty-five (25) percent of their unpaid wages, and (iv) attorneys fees and costs.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.  Plaintiff Angela Pereira, at all relevant times, is an adult individual, residing in New York County.

7.  Plaintiff Juciele Amaral, at all relevant time, is an adult individual, residing in New York County.

8.  Upon information and belief, Defendant J. Sisters Hair Care Productions Inc. is a New York corporation, with its principal place of business in New York County.

9.  Upon information and belief, Defendant Jocely Padilha is an adult individual residing in New York County.

10. Upon information and belief, Defendant Jonice Padilha is an adult individual residing in New York County.

**COLLECTIVE ACTION ALLEGATIONS**

11.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since May 15, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "Collective Action Members").

12.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 30 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and collective action litigation.  Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

14.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it

virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    g.  whether Defendants should be enjoined from such violations of the FLSA in the future.

16. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

17. At all relevant times, Defendants maintained and operated a hair and nail salon in New York County.

18. Plaintiffs worked as manicurists and related duties. Plaintiffs often worked over forty (40) hours per week. Plaintiffs often worked ten (10) or more hours per day. Plaintiffs were paid a weekly salary of $400.00.

19. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' employment, while Defendant employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

20. Plaintiff, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 19 as if they were set forth again herein.

21. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

23. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

24. Plaintiffs' consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiffs' written consent is attached hereto and incorporated by reference.

<u>Federal Minimum Wage Claim</u>

25. Plaintiffs readopt and reallege all allegations contained in paragraphs 1 through 21.

26. Plaintiffs, and the other employees similarly situated, are entitled to be paid at the applicable minimum wage rate of pay for each hour they worked during their employ.

27. Defendants willfully failed to pay Plaintiffs, and the other similarly situated employees, at the applicable minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

<u>Federal Overtime Claim</u>

28. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

29. As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a

workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

30.    Plaintiffs, on behalf of themselves, reallege and incorporates by reference paragraphs 1 through 29 as if they were set forth again herein.

31.    At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§ 2(5), 2(6), 651(5) and 651(6).

### State Minimum Wage Claim

32.    At all times relevant to this action, the state minimum wage was $6.00 in 2005, $6.75 in 2006, and $7.15 per hour in 2007, as codified by N.Y. Labor Law §652(1).

33.    Defendants did not pay plaintiffs the state minimum wage.

34.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiffs the minimum wage for the first forty hours of work performed in each week, in violation of N.Y. Labor Law § 592(1).

35.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiffs their regular rate of pay for the first forty hours of work performed in each week, in violation of N.Y. Labor Law §§ 191(1)(a) and (3).

### State Overtime Claim

36.    Defendants willfully violated Plaintiffs' rights by failing to Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New

York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR §142-2.2.

### Spread of Hours Claim

37.     Defendant willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day they worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§650 et seq.; 12 NYCRR §142-2.4.

38.     The Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

39.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, spread of hours compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### **PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue

   pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the individually named Defendants and the corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

f.  An award to Plaintiffs for unpaid spread of hours compensation due under the New York Labor Law;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime and spread of hours compensation pursuant to the New York Labor Law;

i.  An award of prejudgment and postjudgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 14, 2008

By: _____
    Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York 10011
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

**ATTORNEY FOR PLAINTIFF AND THE PROPOSED CLASS**