```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED: 4 · 5 - 10
```

ANGELA PEREIRA, et al.,

        Plaintiffs,    :  **REPORT AND**
                :  **RECOMMENDATION**

   - against -

                :  **08 Civ. 4537 (GBD) (RLE)**

**J. SISTERS HAIR CARE PRODUCTIONS, INC., et al.,:**

        Defendants.

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

On March 15, 2008, Plaintiffs Angela Pereira and Juciele Amaral brought this action for unpaid overtime compensation, unpaid minimum wages, spread of hours wages, and liquidated damages under New York Labor Law and the Fair Labor Standards Act ("FLSA"), against Defendants J. Sisters Hair Care Productions, Inc., Jocely Padilha, and Jonice Padilha (Pl.'s Mot. for Entry of Default J. and Mem. of Law ("Pl.'s Mem.") at 1, July 17, 2009.) After all Defendants failed to answer Plaintiffs' Complaint, the Honorable George B. Daniels entered a default judgment against them, and referred the matter to the undersigned to conduct an inquest into damages. (Doc. No. 12.)

For the following reasons, the Court recommends that Plaintiffs be awarded judgment against Defendants as follows: (1) $23,640 in damages to Plaintiff Pereira; (2) $25,011 in damages to Plaintiff Amaral; (3) $350 in filing costs; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## II. BACKGROUND

Angela Pereira and Juciele Amaral initiated this Complaint on May 15, 2008, alleging that J. Sisters Hair Care Productions, Inc., Jocely Padilha, and Jonice Padilha (collectively, "J.

Sisters") failed to pay overtime compensation, minimum wages, spread of hours wages, and liquidated damages under N.Y. Lab. Law §§ 198(1-a), 663(1) (McKinney 2009) and the FLSA, 29 U.S.C. § 216(b) (2008). (Pl.'s Mem. at 1.) On May 27, 2008, J. Sisters was served with a summons and a copy of the Complaint. (*Id.*) J. Sisters failed to serve any answer, motion, or pleading and failed to retain counsel. (*Id.* at 2.) Pereira and Amaral then requested a default judgment on February 24, 2009 (Doc. No. 10), which was granted on May 15, 2009 (Doc. No. 12.)

Pereira worked at J. Sisters's hair and nail salon in Kings County from March 14, 2007, until March 2, 2008. (Aff. of Angela Pereira ("Pereira Aff.") at 1, July 24, 2009.) She worked between 10 and 12 hours per day, Monday through Saturday, with no breaks in her shift and was paid $400 in cash per week. (*Id.*) She was not paid overtime compensation nor was she paid spread of hours compensation. (*Id.* at 2.) Pereira claims $23,640, including unpaid minimum wages, overtime wages, and spread of hours wages, and liquidated damages. (*Id.*)

Amaral worked as an assistant at the same salon from April 1, 2007, until March 2, 2008. (Aff. of Juciele Amaral ("Amaral Aff.") at 1, November 13, 2008.) Amaral worked 12.5 hours per day, Monday through Thursday, and 10 hours per day on Friday and Saturday, with no breaks in her shift. (*Id.*) Pereira was paid $400 in cash per week. (*Id.*) She was not paid overtime compensation nor was she paid spread of hours compensation. (*Id.* at 2.) Amaral claims $22,518 for unpaid minimum, overtime, and spread of hours wages, and liquidated damages. (*Id.*)

## III. DISCUSSION

### A. Standard for Default Judgment

A party may move for a default judgment against an adversary who fails to answer or appear. Fed. R. Civ. P. 55(b). "Where, as here, 'the court determines that defendant is in default,

2

the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.' " *Mendez v. Nooch, Inc.*, 07 Civ. 11174 (LLS)(RLE), 2009 WL 666771, at *1 (S.D.N.Y. Mar. 6, 2009) (quoting *Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071(SAS)(AJP), 2009 WL 289653, at *1 (S.D.N.Y. Jan. 30, 2009)). A factual allegation will be deemed not well-pleaded only in "very narrow, exceptional circumstances." *Verizon Directories Corp. v. AMCAR Transp. Corp.*, 05 Civ. 8867 (GBD) (RLE) 2008 WL 4891244, at *2 (S.D.N.Y. Nov. 12, 2008) (citing *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 03 Civ. 0517 (GBD) (RLE), 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005)).

The district court must conduct an inquest in order to determine the amount of damages with reasonable certainty, and it may make such determination without a hearing, "as long as it [has] ensured that there is a basis for the damages specified in the default judgment." *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 03 Civ. 0517 (GBD) (RLE), 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Specifically, the Court must determine the proper rule for calculating damages on the claim, which may or may not include a hearing on the matter, and determine whether Pereira's and Amaral's evidence sufficiently supports the damages to be determined under that rule. *Id.* (referencing *Credit Lyonnais Securities (USA), Inc. v. Aicantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Accordingly, the Court may rely on Pereira's and Amaral's affidavits in determining the reasonableness of the damages requested. *Id.* (referencing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)). Here, the allegations in the Complaint and the

3

entering of a default judgment support a finding that Defendants are liable to Plaintiffs Pereira and Amaral for \$23,640 and \$25,011,[1] respectively.

## B.    Computation of Damages

### (1) FLSA

Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation" and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (2008). The employer bears the burden of establishing that liquidated damages should not be awarded. *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). However, because J. Sisters did not answer the Complaint and has not carried it's burden, liquidated damages are appropriate.

The FLSA requires a minimum wage of \$5.85 per hour during a plaintiff's employment, 29 U.S.C. § 206 (2008), and overtime compensation "at a rate not less than one-and-one-half times the regular rate" for each hour worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1) (2008). However, if the state minimum wage is higher than the federal minimum wage, the federal overtime rate is calculated as 1.5 times the state minimum wage. 29 C.F.R. § 778.5 (2010). Because New York's minimum wage was \$7.15, N.Y. Lab. L. § 652 (2009), Pereira and Amaral's FLSA damages should be calculated at rate of \$7.15 per hour for each unpaid hour and, additionally, \$3.575 per hour for each overtime hour.

Unpaid minimum wages due were calculated by multiplying the number of weeks worked by the hours worked per week and multiplying that total by New York's minimum wage rate. The amount of wages already paid to Plaintiffs was deducted from that total. Unpaid overtime wages

---

[1]Discrepancies in the amounts sought by Amaral are addressed below.

4

were calculated by multiplying the number of weeks worked by the overtime hours worked per week, and multiplying that total by one-half of New York's minimum wage rate. Liquidated damages under the FLSA are the sum of the unpaid minimum and overtime wages, based on New York's minimum wage.

Pereira worked for J. Sisters for 68 hours per week over 50 weeks and received $400 per week. (Pereira Aff. at 2.) Pereira's relief under FLSA is $4,310 in unpaid minimum wages and $5,005 in unpaid overtime wages. Her FLSA liquidated damages are $9,315, and the total FLSA damages are $18,630.

Amaral's damage request is less clear. Amaral's affidavit states $22,518 in damages (Amaral Aff. at 2), which appears to omit liquidated damages due under New York labor law. However, Plaintiffs' memorandum accompanying their default judgment motion requests $25,463.25.[2] (Pl.'s Mem. at 2.) The correct total amount as calculated by the Court should be $25,011. Amaral worked for J. Sisters for 70 hours per week for 48 weeks, and she was paid $400 per week. (Amaral Aff. at 2.) Under FLSA, Amaral should be awarded relief against J. Sisters for $4,824 in unpaid minimum wages and $5,148 in unpaid overtime wages. Amaral's FLSA liquidated damages are $9,972, and the total FLSA damages are $19,944.

## (2) New York Labor Law

Under New York labor law, an employee is entitled to recover unpaid minimum wages and overtime, in addition to unpaid spread of hours pay. 12 N.Y.C.R.R. §§ 142-2.2, -2.4 (2010). However, in this action the minimum wages and overtime are covered by the FLSA. New York law also provides for liquidated damages of 25% of the total amount of the wages found to be

---

[2] The Plaintiffs' motion cites the Amaral affidavit as its source, though no explanation for the different values is provided.

5

due, if the employer's underpayments were willful. N.Y. Lab. Law §§ 198(1-a), 663(1) (McKinney 2009). Under New York labor law, willfulness is established where employers voluntarily underpay employees. *Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002). This standard is not appreciably different than the FLSA standard. *Id.* J. Sisters voluntarily underpaid Pereira and Amaral and their actions were willful under the FLSA, thus Pereira and Amaral may receive New York's liquidated damage award in addition to the unpaid spread of hours wages.

New York law also provides for spread of hours wages, which is "one hour's pay at the basic minimum hourly wage rate" for each day worked more than 10 hours. 12 N.Y.C.R.R. § 142-2.4 (2010). Pereira and Amaral should receive an additional $7.15 for each day they worked over 10 hours with no break. Liquidated damages under New York labor law were calculated as 25% of the sum of the unpaid minimum wages, overtime, and spread of hours wages.

Pereira worked 300 days that were 10 hours or longer (Pereira Aff. at 2), and should be awarded $2,145 in spread of hours wages. Her liquidated damages under New York law total $2,865, and her total damages are $5,010. Pereira is therefore due $23,640, $18,630 under FLSA plus $5,010 under New York law.

Amaral worked 288 days that were 10 hours or longer (Amaral Aff. at 2), and her spread of hours wages are $2,059.20. Amaral's liquidated damages under New York law are $3,007.80, and total damages are $5,067. Amaral is therefore due $25,011, $19,944 under FLSA plus $5,067 under New York law.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiffs be awarded judgment against Defendants as follows: (1) $23,640 in damages to Plaintiff Pereira; (2) $25,011 in damages to Plaintiff Amaral; (4) $350 in filing costs; and (4) post-judgment interest pursuant

6

to 28 U.S.C. § 1961(a).

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: April 5, 2010**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Attorney for Plaintiffs
Justin Alexander Zeller
The Law Office of Justin A. Zeller,
 P.C.
11 East Broadway
Suite 9C
New York, NY 10038

Defendants
Jonice Padilha
Jocely Padilha
J. Sisters Hair Care Productions, Inc.
35 W. 57th Street, Suite #3R
New York, NY 10019

7