**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Angela Pereira and Juciele Amaral,

                  Plaintiffs,

-v-

J. Sisters Hair Care Productions, Inc., et. al.,

                  Defendants.

ORDER
08 cv 4537 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

      Plaintiffs Angela Pereira and Juciele Amaral brought this action for unpaid overtime compensations, unpaid minimum wages, spread of hours wages, and liquidated damages under New York Labor Law and the Fair Labor Standards ("FLSA"). After Defendants failed to answer, this Court entered default judgment against them and referred the matter to Magistrate Judge Ronald L. Ellis to conduct an inquest on damages. Magistrate Judge Ellis issued a Report and Recommendation ("Report") recommending: 1) $23,640 in damages to Pereira, 2) $25,011 in damages to Amaral, 3) $350 in filing costs, and 4) post-judgment interest pursuant to 28 U.S.C. § 1961(1). The Court adopts the Report's recommendation.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to a report, the Court must make a de novo determination of those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own,

independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In his report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections.

Magistrate Judge Ellis correctly determined that Pereira is due $18,630 under the FLSA and $5,010 under New York law totaling $23,640 in damages. Magistrate Judge Ellis also correctly found that Amaral is due $19,944 under the FLSA and $5,067 under New York law totaling $25,011 in damages.

As to the FLSA damages, Magistrate Judge Ellis correctly found that Plaintiffs should be compensated at a rate of $7.15[1] per hour for each unpaid hour and, additionally, $3.575[2] per hour for each overtime hour. Magistrate Judge Ellis calculated the minimum wages by multiplying

---

[1] As Magistrate Judge Ellis properly found, the FLSA requires a minimum wage of $5.85 per hour, however, when the state minimum wage is higher than the FLSA minimum wage, the local law is applicable. 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum . . . .")

[2] The FLSA provides that overtime compensation is determined "at a rate not less than one-and-one half times the regular rate" for each hour worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1) (2008). Magistrate Judge Ellis therefore correctly determined that Plaintiffs are entitled to an additional $3.575 per hour for each hour worked in excess of 40 hours.

2

the numbers of weeks worked by the hours worked per week and multiplied that total by New York's minimum wage rate. The amount of wages already paid to Plaintiffs were then deducted. Unpaid overtime wages were determined by multiplying the number of weeks worked by the overtime hours worked per week, and multiplying that total by $3.575. In addition, Magistrate Judge properly found that liquidated damages – which under the FLSA is the sum of unpaid minimum and overtime wages – was appropriate. As to Pereira, Magistrate Judge found that she worked 68 hours per week over 50 weeks and received $400 per week. Accordingly, Pereira is entitled to $4,310 in unpaid wages, $5,005 in unpaid overtime wages, and $9,315 in liquidated damages for a total of $18,630 in FLSA damages. As to Amaral, Magistrate Judge Ellis determined that she worked 70 hours per week for 48 weeks and was paid $400 per week. Accordingly, Amaral is entitled to $4,824 in unpaid wages, $5,148 in unpaid overtime wages and $9,972 in liquidated damages for a total of $19,944 in FLSA damages.

As to the New York state law damages, Magistrate Judge Ellis found that Plaintiffs were entitled to spread of hours wages which under New York law is "one hour's pay at the basic minimum hourly wage rate" for each day worked more than 10 hours. 12 N.Y.C.R.R. § 142-2.4 (2010). Therefore, Plaintiffs were entitled to an additional $7.15 for each day they worked over 10 hours. Under New York law, Plaintiffs were also entitled to liquidated damages equaling 25% of the sum of unpaid minimum wages, overtime, and spread of hours wages. Pereira worked 300 days that were 10 hours or longer. Accordingly, she is entitled to $2,145 in spread of hours wages and an additional $2,865 in liquidated damages for a total of $5,010 in New York state law damages. Amaral worked 288 days that were 10 hours or longer. Accordingly, she is entitled to $2,059.20 in spread of hours wages and an additional $3,007.80 in liquidated damage

3

for a total of $5,010 in New York damages.

The Court adopts the Report's recommendation in its entirety. The Court awards damages, costs, and interest as follows: 1) $23,640 to Pereira, 2) $25,011 to Amaral, 3) $350 in filing costs, and 4) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

Dated: New York, New York
       June 1, 2010

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge